OPINION
Appellant, George E. Zabrosky appeals a judgment of the Court of Common Pleas of Seneca County, adjudicating him a sexual predator pursuant to R.C. Chapter 2950. For the reasons expressed in the following opinion, we affirm the judgment of the trial court.
The record establishes that in May of 1980, Appellant began sexually molesting his daughter, and forcing her to have sexual intercourse with him against her will. At the time, Appellant was approximately forty-four years old, and his daughter was approximately seven. This conduct continued through June of 1987. On August 4, 1987, Appellant was indicted on three counts of rape in violation of R.C. 2907.02(A)(1)(b). On October 13, 1988, he pled guilty to one count of rape. Subsequently, on December 14, 1988, Appellant was sentenced to a minimum of nine years, and a maximum of twenty five years in prison. More than ten years later, on April 15, 1999, the trial court conducted a sexual predator classification hearing pursuant to R.C. 2950.09(C) and determined, by clear and convincing evidence, that Appellant is a sexual predator.
Appellant now appeals the judgment of the trial court adjudicating him a sexual predator, assigning two errors for our review.
 Assignment of Error No. 1 In the sexual predator hearing, the lower court abused its discretion and reversibly erred, by admitting a more-than-decade-old prejudicial psychological report, over objection, when said prejudicial psychological report was disclosed to the defense counsel in mid-hearing, with no prior notice, thereby denying the Defendant/Appellant's right to a fundamentally fair hearing, to confrontation of witnesses, and to due process of law, in violation of the Sixth
and Fourteenth Amendments to the Constitution of the United States, and in violation of O.R.C. § 2950.09(B)(1).
At the outset, we note that while the transcript of the sexual predator classification hearing does not reflect a specific objection being made by Appellant to the psychological evaluation report, it does indicate that the trial court judge acknowledged that he was admitting the report over Appellant's objection. Thus, for the purposes of this opinion, we assume that Appellant made a general objection to the admissibility of the report.
Appellant first argues that it was reversible error for the trial court to admit the psychological evaluation report, because it constitutes inadmissible hearsay. In support of his argument, Appellant claims that although Evid.R. 101(C) excepts application of the hearsay rule from miscellaneous criminal proceedings; it should not result in the wholesale admission of hearsay evidence. The Supreme Court of Ohio has previously addressed this issue, stating:
 A sexual predator determination hearing is similar to sentencing or probation hearings where it is well settled that the Rules of Evidence do not strictly apply. A determination hearing does not occur until after the offender has been convicted of the underlying offense. Further, the determination hearing is intended to determine the offender's status, not to determine the guilt or innocence of the offender. Accordingly, we hold that the Ohio Rules of Evidence do not strictly apply to sexual predator determination hearings. Thus, reliable hearsay, such as a presentence investigation report, may be relied upon by the trial judge.
 State v. Cook (1998), 83 Ohio St.3d 404, 425. Therefore, the trial court did not err in admitting the psychological evaluation report on the grounds that it constitutes inadmissible hearsay.
Appellant next argues that admission of the psychological evaluation report violates the Confrontation Clause of theSixth Amendment to the U.S. Constitution. The Confrontation Clause of the Sixth Amendment, as applied to the states through theFourteenth Amendment, guarantees a defendant the right to confront witnesses against him in both state and federal criminal prosecutions. Delaware v. Van Arsdall (1986), 475 U.S. 673, 679.
As the Supreme Court pointed out in Cook,83 Ohio St.3d at 425, a sexual predator hearing occurs only after the offender has been convicted of an underlying requisite offense, and it does not involve a determination of further guilt or innocence. This hearing simply determines the offender's status for purposes of registration. The right of confrontation under neither the U.S. Constitution nor the Ohio Constitution is implicated in such a context.
Furthermore, the evidence does not reflect that Appellant properly preserved an objection to the admission of such evidence on constitutional grounds. Generally, the failure to raise a constitutional issue at the trial level waives the right to advance a constitutional argument at the appellate level. SeeState v. 1981 Dodge Ram Van (1988), 36 Ohio St.3d 168, 170; Statev. Awan (1986), 22 Ohio St.3d 120, syllabus; State ex rel. Spechtv. Oregon City Bd. of Edn. (1981), 66 Ohio St.2d 178,182. Therefore, Appellant's argument in this regard is not well taken.
In addition, Appellant argues that the report is inadmissible because he did not receive a copy until midway through the sexual predator classification hearing. The record indicates, however, that after Appellant received a copy of the report at the hearing, he requested, and was granted, a recess to speak with his client. There is nothing in the record indicating that Appellant requested any further continuance of this matter. Therefore, Appellant's argument in this regard is not well taken.
Finally, Appellant argues that it was reversible error for the trial court to admit the psychological evaluation report because it was prepared in 1988 and does not reflect a current examination. Appellant suggests that the report is inadmissible because eleven years have elapsed since it was prepared. In light of the Supreme Court's ruling in Cook 83 Ohio St.3d 404, 425, psychological reports prepared as a part of a prior presentence investigation report are clearly admissible. The basis for this ruling is that the scope of evidence that is material to these issues is broad, and that there is inherent in the preparation of such reports, strong indicia of reliability.
During the sexual predator classification hearing, Appellant had both the opportunity to provide the trial court with a more current psychological evaluation, or to provide the court with any mitigating circumstances he thought might bear upon the issues addressed in the report. At the hearing, however, Appellant provided no such evidence. In the absence of any evidence indicating that the conclusions reached in the psychological report are no longer valid, the age of the report only goes to the weight to be afforded the evidence and not to its admissibility.
Accordingly, Appellant's first assignment of error is not well taken and it is therefore overruled.
 Assignment of Error No. 2 The trial court reversibly erred, as its sexual predator determination was against the manifest weight of the evidence, thereby violating O.R.C. § 2950.09(C), and thereby denying the Defendant/Appellant's right to a fair hearing and right to due process of law, in violation of the Sixth and Fourteenth Amendments to the Constitution of the United States.
Appellant contends in this assignment that the State of Ohio failed to prove, by clear and convincing evidence, that he is a sexual predator pursuant to R.C. Chapter 2950.
The proper standard to employ when considering an argument that a conviction was against the manifest weight of the evidence has been set forth as follows:
 "The [appellate] court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence the [fact-finder] clearly lost its way * * *"
State v. Thompkins (1997), 78 Ohio St.3d 380,387, citing State v.Martin (1983), 20 Ohio App.3d 172, 175. Appellate courts are cautioned to sustain manifest weight arguments only in the most extraordinary cases. Thompkins, 78 Ohio St.3d at 387.
In Ohio, a sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense, and is likely to engage in the future in one or more sexually oriented offenses." See R.C. 2950.01(E). In determining whether a sex offender is a sexual predator, a judge shall consider all relevant factors, including, but not limited to, the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2)
Initially, we must also recognize that the plain language of the statute provides that the list of factors contained in R.C.2950.09(B)(2) is not exhaustive, and in that light, the trial court properly noted the following evidence. Appellant was approximately forty-four years old at the time the sexual abuse began, while the victim was approximately seven, resulting in a substantial age discrepancy. Additionally, the trial court noted that Appellant had a prior conviction in 1954 for soliciting sex from an underage female. Furthermore, the trial court noted that Appellant demonstrated a pattern of sexual abuse from 1980-1987, during which he displayed cruelty or made one or more threats of cruelty in coercing the victim to have sex with him against her will.
In reaching its decision, the trial court heard testimony from the State's witness, Mr. Kiser, who testified about Appellant's history of sexual abuse of his daughter. The court also considered the psychological evaluation report prepared by Dr. James F. Sunbury, Ph.D. on November 8, 1988, in which Dr. Sunbury diagnosed Appellant with a mixed personality disorder and pedophilia. Dr. Sunbury also noted that Appellant has a history of alcohol related problems and may have been sexually abused by his parents when he was a child.
In sum, Appellant argues that Mr. Kiser's testimony, as well as the psychological evaluation report, do not establish, by clear and convincing evidence, that Appellant is a sexual predator. While the record establishes that several of the R.C.2950.09(B)(2) factors do not apply to Appellant, we are not convinced that the trial court "clearly lost its way" in classifying Appellant as a sexual predator. Indeed, the record supports the fact that the trial court properly weighed the evidence and considered the relevant factors in R.C.2950.01(B)(2). Specifically, the trial court determined that R.C.2950.01(B)(2)(a), (b), (c), (f), (h), (i), and (j) weigh in favor of Appellant's sexual predator classification.
Therefore, based upon the evidence presented, we find that the trial court's sexual predator classification was not against the manifest weight of the evidence.
Accordingly, Appellant's second assignment of error is not well taken and is overruled.
Having found no error prejudicial to Appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
HADLEY and SHAW, JJ., concur.